# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**July 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

ROBERT E. WALL,                         )
                                        )
    Plaintiffs/Appellant,         )        Henry Law No. 529
                                        )
vs.                                     )
                                        )        Appeal No. 02A01-9707-CV-00166
CITY OF PARIS, TENNESSEE,               )
and DIANA PIERCE d/b/a                  )
DIANA'S LIMITED also known              )
as DIANA'S,                             )
                                        )
    Defendants/Appellees.         )


APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY
AT PARIS, TENNESSEE



THE HONORABLE C. CREED McGINLEY, JUDGE




For the Plaintiff/Appellant:                    For the Defendants/Appellees:

Michael A. Jaynes                               Fred N. McLean
D. Tyler Kelly                                  Paris, Tennessee
Charles L. Trotter, Jr.
Jackson, Tennessee



**AFFIRMED**



HOLLY KIRBY LILLARD, J.


CONCUR:


ALAN E. HIGHERS, J.


DAVID R. FARMER, J.

## OPINION

The plaintiff in this case tripped and fell on a city sidewalk. After a bench trial, the trial court found that the sidewalk was not dangerous or unsafe under the Tennessee Governmental Tort Liability Act. We affirm.

On March 15, 1996, Mr. Robert E. Wall ("Wall") tripped and fell as he was walking along the sidewalk of North Poplar Street in Victorian Square, Paris, Tennessee. Wall, an 82-year old retiree, suffered a broken arm and lacerations to his hands and face as a result of the fall. Wall filed suit under the Tennessee Governmental Tort Liability Act against the city of Paris ("City"). Under Tennessee Code Annotated § 29-20-203 (1980 & Supp. 1997), Wall alleged that the City was negligent in maintaining the sidewalk, and that it was unreasonably defective, unsafe, and dangerous. After a bench trial, the trial court dismissed the action. From this decision, Wall now appeals.

On appeal, Wall argues that the trial court erred in finding that the sidewalk was not a in a defective condition at the time of the accident. We review the trial court's findings of fact *de novo*, with a presumption of correctness, unless the preponderance of the evidence proves otherwise. Tenn. R. App. P. 13(d); *Metropolitan Gov't v. McKinney*, 852 S.W.2d 233 (Tenn. App. 1992). The presumption of correctness does not apply to the trial court's conclusions of law. *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933 (Tenn. App. 1992).

Tennessee Code Annotated § 29-20-203(a) provides in pertinent part:

> Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any . . . sidewalk . . . owned and controlled by such governmental entity.

To recover under Section 29-20-203, the plaintiff must prove, by a preponderance of the evidence, (1) that the City owned and controlled the premises; (2) that the premises were in a defective, unsafe, or dangerous condition; and (3) that the City had constructive and/or actual notice of the defective, unsafe, or dangerous condition of the premises. *Burgess v. Harley*, 934 S.W.2d 58, 63 (Tenn. App. 1996). The parties stipulated that the City owned and controlled the sidewalk, and that the City had notice of the condition of the sidewalk. The case turned on whether the sidewalk where the accident occurred was defective or dangerous.

The record showed that the sidewalk at issue had been patched. It is undisputed that the sidewalk was scheduled for replacement at the time of the accident, and was replaced shortly after the accident. Wall argues that this proves that the area was dangerous or defective. The City argues that the sidewalk did not not present a danger to someone exercising ordinary care. After a bench

trial, the trial court found that the area of the sidewalk where Wall fell was patched but was not defective. Testimony established that the patch did not create a raised or depressed area. When questioned about the spot where he fell, Wall was unable to point to a specific feature about the area that caused the fall:

> Q: Was there any particular thing that you recall about this portion of the sidewalk that contributed to your trip and fall that you've told us about?
> A: (The witness shook his head) I don't remember, Michael. I just know I walked four or five steps and I caught my right foot and I went forward. That's all. I didn't see anything.

After reviewing the record, which includes testimony about the sidewalk as well as photographs, we find that the evidence does not preponderate against the trial court's finding that the sidewalk was not defective. Consequently, the trial court's dismissal of the plaintiff's lawsuit is affirmed.

The City requests that this appeal be deemed a frivolous appeal under Tennessee Code Annotated § 27-1-122. This request is denied.

The decision of the trial court is affirmed. Costs are taxed against the Appellant, for which execution may issue if necessary.

_____
_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**